UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY D. HARPER,<br><br>                   Plaintiff,<br>v.<br>US DOJ,<br>                   Defendant. | Case No.: 17cv1634 BTM (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On August 14, 2017, Plaintiff filed a Complaint and a Motion to Proceed In Forma Pauperis ("IFP"). For the reasons discussed below, the IFP Motion is granted, and the Complaint is dismissed for failure to state a claim.

**DISCUSSION**

**I. Motion to Proceed IFP**

Upon review of Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

**II. Failure to State a Claim**

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint

must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Federal Rule of Civil Procedure 8(a), Plaintiff's complaint must state a claim for relief that contains: (1) "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought, which may include relief in the alternative or different types of relief." The factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Here, even under the most liberal review, Plaintiff has failed to state enough facts to support a cognizable claim for relief. The first page of the Complaint includes the following heading: "Fashionable Assault." However, the allegations under the heading are unintelligible and fail to support a claim of assault. The following pages of the Complaint appear to be letters written to the "State Bureau of Investigation" requesting that it investigate "identity theft," "religious discrimination," and "disability discrimination," but these also fail to allege sufficient facts to support a claim for relief.

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

//
//

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed in forma pauperis is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** for failure to state a claim. The Court **GRANTS** Plaintiff leave to file a First Amended Complaint which cures the deficiencies noted above. If Plaintiff chooses to file a First Amended Complaint, he must do so on or before **September 22, 2017**. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to file an Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 28, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court